UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EURO MOTOR SPORT, INC. and SAMMIE BENSON,<br><br>    Plaintiffs,<br><br>v.<br><br>ARB LAS VEGAS d/b/a LAS VEGAS TOWING,<br><br>    Defendants. | Case No. 2:21-cv-00177-GMN-DJA<br><br>**ORDER** |

The parties have submitted a joint motion to extend discovery deadlines (ECF No. 35) and a stipulation to their joint motion (ECF No. 36). Through these filings, the parties seek to extend their remaining discovery deadlines to after Defendant files its answer. However, because the Court finds that the parties have not complied with Local Rule 26-3, it denies the joint motion and stipulation without prejudice. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Background.**

In their joint motion, the parties explain that Defendant first appeared in the case—triggering the 26(f) conference and discovery deadlines—by filing a motion to dismiss. They did not realize, however, that in the event Defendant's motion to dismiss is not granted, Defendant will have to file its answer fourteen days later. Without an extension the parties fear that discovery deadlines could run without Defendant's answer and thus, "knowledge of what Defendant's position will be regarding the proper parties in this cause, i.e., whether Plaintiffs have filed a cause of action against the proper party, whether there is another party that is liable, etc." (ECF No. 35, at 3).

The parties ask to extend the discovery cutoff, dispositive motion deadline, and joint pretrial order deadline. The discovery cutoff motion was previously August 20, 2021. (ECF No. 30). The dispositive motion deadline was September 19, 2021. (ECF No. 30). The joint pre-trial order deadline was October 19, 2021. (ECF No. 30).

**II.  Discussion.**

The Court denies the parties' request to extend discovery deadlines based on a contingent date. When seeking an extension of a date set by a discovery plan and scheduling order, a party may file a motion *or* stipulation. LR 26-3. A request to extend deadlines made within twenty-one days of the subject deadline must be supported by a showing of good cause. LR 26-3. That motion or stipulation must include a proposed schedule for completing all remaining discovery. LR 26-3(d).

Here, the parties have mostly complied with LR 26-3, but have proposed an unworkable schedule based on a contingency. The parties have filed both a motion and a stipulation, although only a stipulation was required because the parties agree. Unorthodox filings aside, the parties explain that they met the good cause requirement because they realized that they will be unable to meet their discovery deadlines if Defendant files an answer. While the Court does not completely agree that this circumstance was completely unforeseen, it does find that the parties have shown good cause to extend discovery.

The parties have not, however, properly proposed a schedule for completing remaining discovery. The parties propose that the deadline clock begin running—ninety days for the discovery cutoff, 120 days for the dispositive motion deadline, and 150 days for the pretrial order—if and when Defendant files its answer. But the parties' proposal is unworkable because it is based on a contingency. The parties must propose concrete deadlines. The Court thus denies the parties' joint motion and stipulation and orders the parties to file a new stipulation (not a joint motion) that follows LR 26-3 and IA-6-1 closely and sets out a new proposed schedule with proposed dates. The parties are reminded that, should they feel the need to ask for more time, they must do so through either a motion or a stipulation under LR 26-3.

**IT IS THEREFORE ORDERED** that the parties' joint motion (ECF No. 35) and stipulation (ECF No. 36) are **denied** without prejudice.

**IT IS FURTHER ORDERED** that the parties must file a stipulation following LR 26-3 and IA 6-1 which outlines concrete deadlines.

DATED: August 23, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE