Carl E. G. Arnold
Nevada State Bar Number - 8358
1428 S. Jones Boulevard
Las Vegas, Nevada 89146
Telephone: 702.358.1138
carl@cegalawgroup.com

Robert L. J. Spence, Jr. (*pro hac vice* approved)
Kristina A. Woo (*pro hac vice* approved)
80 Monroe Avenue, Garden Suite One
Memphis, Tennessee 38103
Telephone: 901.312.9160
rspence@spence-lawfirm.com
kwoo@spence-lawfirm.com

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

EURO MOTOR SPORT INC., and SAMMIE BENSON,

Plaintiffs,

vs.

ARB LAS VEGAS d/b/a LAS VEGAS TOWING,

Defendant.

Case No.: 2:21-cv-00177-GMN-DJA

**STIPULATION TO EXTEND DEADLINES TO COMPLETE DISCOVERY, FILE DISPOSITIVE MOTIONS, AND FILE JOINT PRE-TRIAL ORDER**
**(Second Request)**

COME NOW, the Plaintiffs, Euro Motor Sport, Inc., and Sammie, Benson (collectively "Plaintiffs"), and Defendant, ARB Las Vegas d/b/a Las Vegas Towing ("Defendant"), by and through undersigned counsel of record, and in compliance with LR IA 6-1, and announce to the Court that the parties agree and stipulate to extend

certain deadlines in this cause. This is the second stipulation for extension of time in this cause ("Second Stipulation").[1]

This Second Stipulation requests extension of the following deadlines:

(1) to complete discovery ("Discovery Deadline") which is currently August 20, 2021 to November 29, 2021;

(2) to file dispositive motions ("Dispositive Motion Deadline") which is currently September 19, 2021 to December 29, 2021; and

(3) to file a joint pre-trial order ("Joint Pre-Trial Order Deadline") which is currently October 19, 2021 to January 28, 2022.

Although the Discovery Deadline has already passed, the parties assert this Second Stipulation is timely submitted due to excusable neglect. On or about August 12, 2021, the parties filed a Joint Motion (ECF No. 35) and Stipulation (ECF No. 36) requesting extension of the deadlines referenced in the Second Stipulation. Although the Court found the parties had shown good cause to extend the deadlines, it denied the Joint Motion (ECF No. 35) and Stipulation (ECF No. 36) without prejudice having found the parties failed to include proposed concrete deadlines. See ECF No. 37.

As a result of the foregoing, the parties submit this Second Stipulation proposing concrete deadlines. In compliance with LR 26-3, the parties submit the following:

## I. STATEMENT SPECIFYING THE DISCOVERY COMPLETED

Presently in this cause, Fed. R. Civ. P. 26(a)(1)(A) Initial Disclosures have been exchanged by the parties. Plaintiffs served their Initial Disclosures on April 28, 2021

[1] The first stipulation to extend deadlines related to the extension of time to add parties and amend pleadings only.

and their Supplemental Initial Disclosures on May 4, 2021. Defendant served its Initial Disclosures on April 28, 2021.

Defendant propounded written discovery on May 3, 2021, and Plaintiff's responded to Defendant's written discovery on May 25, 2021.

Plaintiff propounded written discovery on May 4, 2021, and Defendant responded to written discovery on May 27, 2021.

## II. SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED

The depositions of Danielle Leleu and Eric Williams are pending. Plaintiffs are in the process of scheduling the deposition of Houston Crosta. Plaintiffs anticipate scheduling additional depositions upon receipt of Defendant's Answer.

## III. STATEMENT AS TO WHY THE DEADLINES CANNOT BE COMPLETED WITHIN THE TIME LIMIT SET IN THE SCHEDULING ORDER

A. Failure to Comply with the Deadline is Due to Excusable Neglect

Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Lemoge v. U.S.*, 587 F.3d 1188, 1195 (9th Cir. 2009). There are four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer at Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 308, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993).* The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant

circumstances surrounding the party's omission. *Pioneer*, at 395. This equitable determination is left to the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

In examining reasons for delay and good faith, the court should consider: (1) whether the omission reflected professional incompetence, such as an ignorance of the procedural rules; (2) whether the omission reflected an easily manufactured excuse that the court could not verify; (3) whether the moving party had failed to provide for a consequence that was readily foreseeable; and (4) whether the omission constituted a complete lack of diligence. *Graber v. Zaidi*, 2010 U.S. Dist. LEXIS 93074, 2010 WL 3238918 (D. Nev. 2010) (*citing Pioneer*, 507 U.S. at 390-95).

Plaintiff submits that an application of the four factors merits a finding of excusable neglect. First, there is no danger of prejudice to the opposing party, as this is a joint Second Stipulation.

Second, the length of delay and its potential impact on the proceedings is minimal – if any.

Third, the reason for the delay is due to a procedural issue that was not readily foreseeable. Defendant is not required to file its Answer until fourteen (14) days after the Court rules on Defendant's Motion to Dismiss. When the scheduling order deadlines were agreed upon and a proposed Scheduling Order was tendered to the Court, the Parties did not and could not have anticipated this extant issue.

Fourth, the Parties have acted in good faith, and have not filed this Second Stipulation for any improper purpose, but rather to align the Discovery Deadline,

Dispositive Motion Deadline, and Joint Pre-Trial Order Deadline with the procedural posture of the case.

B. Good Cause Exists to Grant the Relief Sought.

Fed. R. Civ. P. 16 authorizes the modification of a scheduling order "for good cause and with the judge's consent." The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the motion should be denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic*, 302 F. 3d at 1087 (quoting *Johnson*, 975 F. 2d at 609). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the nonmoving party does not justify granting the relief sought if the moving party was not diligent. *Johnson*, 975 F.2d at 607. Good cause may be found if the moving party can show that it could not comply with the schedule due to matters that could not have been reasonably foreseen at the time of the issuance of the scheduling order. *Kuschner v. Nationwide Credit, inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

In this case, the Parties have been diligent in attempting to comply with the Local Rules of Court, preparing the Scheduling Order, reviewing Initial Disclosures, propounding Discovery Requests seeking information, documents and things relevant to this cause, scheduling depositions, and filing this Motion before the current Discovery Deadline, Dispositive Motion Deadline, and Joint Pre-Trial Order Deadlines expire. Despite the Parties' diligence, they are simply unable to meet the Discovery Deadline, Dispositive Motion Deadline, and Joint Pre-Trial Order Deadline at this time

for the reasons set forth herein and could not have reasonably foreseen the current procedural posture of the case.

## IV. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY

Based on the foregoing, the Parties request the Court grant the Second Stipulation and extend the Discovery Deadline, Dispositive Motion Deadline, and Joint Pre-Trial Order Deadline as follows:

(1) Discovery shall be completed by November 29, 2021;

(2) Dispositive motions shall be filed and served by December 29, 2021; and

(3) Joint Pre-Trial Order shall be filed by January 28, 2022. In the event dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or further Order of the Court (LR26-1(b)(5)).

DATED this 27th day of August, 2021.

/s/ Robert L. J. Spence, Jr.
Robert L. J. Spence, Jr. (*pro hac vice* approved)
Kristina A. Woo (*pro hac vice* approved)
80 Monroe Avenue, Garden Suite One
Memphis, Tennessee 38103
Telephone: 901.312.9160
Facsimile: 901.521.9550
rspence@spence-lawfirm.com
kwoo@spence-lawfirm.com

/s/ Carl E. G. Arnold
Carl E.G. Arnold (State Bar No.8358)
1428 S. Jones Blvd.
Las Vegas, Nevada 89146
Telephone: 702.358.1138

carl@cegalawgroup.com

*Attorneys for Plaintiffs*

/s/ Andrew M. Leavitt, Esq.
ANDREW M. LEAVITT, ESQ.
Nevada Bar # 3989
633 South Seventh Street
Las Vegas, Nevada 89101
andrewleavitt@ymail.com
Telephone: (702) 382-2800
Fax: (702) 382-7438

*Attorney for Defendant*

IT IS SO ORDERED:

______________________________
Daniel J. Albregts
United States Magistrate Judge

Date: August 30, 2021