UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EURO MOTOR SPORT INC. AND SAMMIE BENSON, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ARB LAS VEGAS d/b/a LAS VEGAS TOWING, )<br>)<br>Defendant. )<br>) | Case No.: 2:21-cv-00177-GMN-DJA<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 16), filed by Defendant ARB Las Vegas ("Defendant"). Plaintiffs Euro Motor Sport Inc. and Sammie Benson (collectively "Plaintiffs") filed a Response, (ECF No. 23), and Defendant filed a Reply, (ECF No. 28). For the reasons discussed herein, Defendant's Motion to Dismiss is **DENIED**.

## I.  BACKGROUND

This case arises from the sale of a 2012 Lamborghini (the "Lamborghini ") following a law enforcement investigation on November 6, 2020. (*See* Compl., ECF No. 1). Plaintiff Sammie Benson is a well-known musical entertainer known by the stage name, "Black Youngsta." (*Id*. ¶ 10). Plaintiff Euro Sport sold the Vehicle to Plaintiff Benson. (*Id*. ¶ 8). Under the contract of sale, Euro Sport continued to act as the title owner of the Vehicle. (*Id*. ¶ 9).

In September 2020, the Las Vegas Police Department seized the Lamborghini pursuant to a criminal investigation and kept it at a storage unit owned by Defendant. (*Id*. ¶¶ 12–13). Plaintiffs allege that the law enforcement investigation concluded on October 2, 2020, and after, the Las Vegas Police Department notified Plaintiffs that they could collect the vehicle.

(*Id*. ¶ 14).  Plaintiffs allege that between October 3, 2020, and October 8, 2020, Plaintiff Euro Sport unsuccessfully tried to contact Defendant. (*Id*. ¶ 15).  Specifically, on October 8, 2020, Plaintiff allegedly contacted an individual, who identified himself as "Eric" and stated that Plaintiff needed to send a copy of the Title, Driver's License, and Corporations Registration to [arblasvegas@gmail.com](mailto:arblasvegas@gmail.com) to collect the Lamborghini. (*Id*.).  Plaintiffs allege that they sent the requested information. (*Id*. ¶ 16).  Defendant, however, purportedly responded saying that it did not know who Plaintiffs were and that it could not discuss the matter anymore. (*Id*. ¶ 17).  Plaintiff Euro Sport allegedly sent another email to Defendant with the previously sent documents; however, did not receive a response from Defendant regarding the Lamborghini. (*Id*. ¶¶ 18–20).  Plaintiffs thereafter mailed two letters, including a cease-and-desist letter, to Defendant via USPS and email, but Defendant allegedly did not respond to any correspondence from Plaintiffs. (*Id*. ¶¶ 22–25).

On February 2, 2021, Plaintiffs filed the instant action, seeking declaratory judgment, damages, and injunctive relief. (*See* Compl., ECF No. 1).  Plaintiffs specifically allege that Defendant converted their property. (*Id*. ¶¶ 31–35).  Defendant thereafter filed the instant Motion to Dismiss, (ECF No. 16).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

Defendant moves to dismiss Plaintiffs' Complaint, arguing that it sold the Lamborghini pursuant to a lawfully noticed lien auction. (Def.'s MTD 5:17–6:12). Plaintiffs, in response,

contend that Defendant erroneously relies on extrinsic evidence such that its Motion to Dismiss reads as a motion for summary judgment. (Pl.'s Resp. to Def.'s MTD 3:4–9, ECF No. 23). To the extent the Court is inclined to consider the extrinsic evidence and convert the Motion to Dismiss into a Motion for Summary Judgment, Plaintiffs argue that summary judgment is not appropriate because the extrinsic evidence demonstrates that a genuine issue of material fact exists as to whether Defendant sent the required statutory notice of sale. (*Id*. 3:18–26).

Generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). Rule 12(b)(6) expressly states that when:

> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b)(6). Though a district court has discretion to convert a motion to dismiss under Rule 12(b)(6) to a motion for summary judgment, the Ninth Circuit has clarified that "a district court may not grant a motion to dismiss which has been converted into a summary judgment motion without furnishing all parties an opportunity to supplement the record." *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

In the present case, Defendant relies on extrinsic evidence to support its Motion to Dismiss. (*See generally* Def.'s MTD, ECF No. 16). Defendant attaches eight (8) exhibits to its Motion to Dismiss, including, *inter alia*, the Register of Actions of Plaintiff Sammie Benson's criminal case in Case No. 20-cr-038047, business records from Defendant, and the Notice of Lien Sale. (*See* Register of Actions, Ex. 1 to Def.'s MTD, ECF No. 16); (Notice of Impound, Ex. 2 to Def.'s MTD, ECF No. 16); *(*Notice of Lien Sale, Ex. 4 to Def.'s MTD, ECF No. 16). Plaintiffs did not include these exhibits in their Complaint. These supporting exhibits, therefore, are matters outside the pleading. *Branch*, 14 F.3d at 453. Though the Court has

discretion to convert the instant Motion to Dismiss into a Motion for Summary Judgment, the Court refuses to do so in this case because all parties have not been given reasonable opportunity to present all material relevant to a Rule 56 motion. *Barron*, 13 F.3d at 1377. Notably, the parties have not completed discovery at this point of the proceeding.[1] Plaintiffs are thus unable to fully rebut Defendant's extrinsic evidence and supplement the record with their own extrinsic evidence. *Morley v. Smith*, 309 F. App'x 103, 106 (9th Cir. 2009) ("We note that when converting a motion to dismiss to a motion for summary judgment, a judge is required to give the parties a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'") (citing Fed. R. Civ. P. 12(b)). Moreover, in its Reply, Defendant does not rebut Plaintiff's argument that Defendant improperly relies on extrinsic evidence and instead, cites to the extrinsic evidence in support of its arguments. (*See* Def.'s Reply, ECF No. 28). "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." *See* Local R. 7-2(d). For the foregoing reasons, the Court accordingly denies Defendant's Motion for to Dismiss.

///

---

[1] At the time the parties litigated the instant Motion to Dismiss, the parties had not yet finished discovery and thus, considering the extrinsic evidence is inappropriate. Defendant filed the instant Motion to Dismiss, (ECF No 16) on March 1, 2021, and the parties completed discovery on November 29, 2021. (*See* Def.'s MTD, ECF No. 16); (*see also* Order Granting Second Stipulation for Extension of Time Regarding Discovery, ECF No. 39). After completing discovery, the parties filed cross-Motions for Summary Judgment, which are currently pending. (*See* Def.'s Mot. Summ. J., ECF No. 40); (*see also* Pls.' Mot. Summ. J., ECF No. 42).

V.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 16), is **DENIED**.

**DATED** this __28__ day of February, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT