UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Euro Motor Sport Inc., et al., | Case No. 2:21-cv-00177-CDS-BNW |
| Plaintiffs | **Order Adopting Magistrate Judge's Report & Recommendation and Entering Default Against Defendant ARB Las Vegas** |
| v. | |
| ARB Las Vegas, et al., | [ECF No. 63] |
| Defendants | |

On June 6, 2023, Magistrate Judge Brenda N. Weksler entered a report and recommendation (R&R) for default judgment against defendant ARB Las Vegas due to its failure to comply with orders to retain new counsel. ECF No. 63. Despite an extension of time and two explicit warnings that the corporation's failure to do so could result in the entry of a default judgment, ARB did not retain counsel. ECF Nos. 61, 62. Judge Weksler also advised ARB that it had 14 days to file any objections to the R&R. ECF No. 63 at 1–2. Under this district's local rules, the deadline for ARB to object to the R&R was June 20, 2023. S*ee* LR IB 3-2(a) (stating that parties wishing to object to the R&R must file objections within fourteen days). ARB did not object. For the reasons set out below, the R&R is accepted and adopted in full.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Yet the Ninth Circuit has recognized that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (disregarding the standard of review employed by the district

court when reviewing a report and recommendation to which no objections were made). Nevertheless, I find *de novo* review appropriate to determine whether to adopt the R&R.

      ARB's counsel filed a motion to withdraw on March 24, 2023, after learning that discovery had closed in this action, and that the case is essentially set for trial. ECF No. 60. On March 28, 2023, Judge Weksler granted that motion and instructed, "[d]efendant [ARB] must retain counsel and have counsel file a notice of appearance by 4/27/23, as corporations cannot represent themselves." Order, ECF No. 61. ARB was warned that failure to comply with the order could result in a default being entered against it. *Id.* ARB had not complied with the order by the April 27 deadline, so Judge Weksler sua sponte extended the time for ARB to retain counsel and file a notice of appearance. Minute Order, ECF No. 62. Judge Weksler again warned ARB that a failure to comply would result in a default being entered against it. *Id.* As of the date of this order, the court has not received any notice of appearance by an attorney on ARB's behalf nor any request seeking an extension of time to retain new counsel. Moreover, ARB has not objected to Judge Weksler's recommendation to enter a default against it.

      It is a longstanding rule that "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). Furthermore, default judgment is appropriate when a defaulting corporation fails to comply with a district court's order to retain licensed counsel. *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). ARB's disregard of Judge Weksler's orders has delayed litigation and disrupted the court's timely management of its docket. Sanctions less drastic than default are unavailable because ARB has willfully refused to comply with court orders and to obtain counsel so that it may continue to participate in this case. Thus, I concur with the magistrate judge's recommendation that ARB's repeated failure to meet their obligation to retain counsel in this action warrants entering default against ARB Las Vegas and in favor of plaintiffs Euro Motor Sport Inc. and Sammie Benson.

IT IS THEREFORE ORDERED that Magistrate Judge Weksler's Report and Recommendation [ECF No. 63] is ADOPTED in its entirety.

IT IS FURTHER ORDERED that the Clerk of Court enter default against defendant ARB Las Vegas. Plaintiffs are directed to file a motion for default judgment that satisfies the requirements of Rule 55 of the Federal Rules of Civil Procedure and the factors established in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) by July 24, 2023.

DATED June 27, 2023

_____
Cristina D. Silva
United States District Judge