UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Euro Motor Sport Inc., et al, <br><br> Plaintiffs <br><br> v. <br><br> ARB Las Vegas, <br><br> Defendant | Case No. 2:21-cv-00177-CDS-BNW <br><br> **Order Granting Plaintiffs' Motion to Voluntarily Dismiss Claims and Closing Case** |

Plaintiffs Euro Motor Sport, Inc. and Sammie Benson bring this action seeking declaratory relief from defendant ARB Las Vegas. The plaintiffs assert that ARB sold their Lamborghini after towing it from the Aria Resort & Casino. On March 28, 2023, United States Magistrate Judge Brenda N. Weksler instructed ARB to retain counsel, as corporations are not permitted to represent themselves. Order, ECF No. 61. ARB was warned that failure to comply with the order could result in a default being entered against it. *Id.* Although ARB was warned thrice that failure to retain counsel could result in the entry of a default judgment, ARB did not retain counsel. ECF Nos. 61–63. As a result, on June 29, 2023, the clerk filed an entry of default. ECF No. 65.

In lieu of moving for default judgment, the plaintiffs brought a joint motion for dismissal of the action under local rule 7-1(c)(stating "[a] stipulation that has been signed by fewer than all the parties or their attorneys will be treated—and must be filed—as a joint motion."). *See generally*, ECF No. 68. However, Rule 7-1(c) is not the proper vehicle to dispose of the claims against ARB. ECF No. 69. The plaintiffs next submitted a stipulation of dismissal without prejudice executed by ARB's previous counsel—who had been terminated from this action on March 28, 2023. ECF No. 70. The court would not approve the stipulation without the signature of a legal representative of ARB. ECF No. 71. I held a hearing on August 17, 2023, to consider

plaintiff's request for dismissal, permitting oral motion for voluntary dismissal pursuant to Rule 41(a)(2). ECF No. 72. Based on the plaintiffs' representation at that hearing, and finding that ARB will not suffer legal prejudice from the settlement or dismissal, I granted plaintiffs' motion for dismissal under Rule 41(a)(2).

I.     Discussion

Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). When considering a motion under Rule 41(a)(2), courts "must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Sherman v. Yahoo! Inc.*, 2015 WL 473270, at *2 (S.D. Cal. Feb. 5, 2015).

       a.     *Whether to allow dismissal.*

A motion for voluntary dismissal under Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Servs. of Am. v. Armilla I'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal."). The Ninth Circuit has held that "legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

No one appeared at the hearing on the dismissal on August 17, 2023, so ARB did not and was unable to argue that dismissal would be prejudicial. Ultimately, based on plaintiffs' counsel's representations, I found that dismissal is unlikely to prejudice the defendant as the parties have negotiated an agreement to resolve this action; thus, it would be beneficial to allow ARB an opportunity to satisfy the terms of that agreement as opposed to entering default judgment against it.

  b. *Whether the dismissal should be with or without prejudice.*

While a dismissal without prejudice is the default position stated in Rule 41(a)(2), the court has broad discretion on whether to dismiss an action with or without prejudice. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). Here, the plaintiffs move to dismiss the action without prejudice in the event that ARB fails to fully comply with the terms of their agreement. Based on ARB's conduct in the action thus far, I am satisfied that dismissal without prejudice is warranted.

  c. *Terms and conditions.*

Finally, I turn to whether any terms and conditions should be imposed. Plaintiffs assert that no additional terms and conditions are necessary so long as ARB complies with the terms of the settlement negotiations. The parties have agreed that each party pay their own costs and attorneys' fees.

## II. Conclusion

Based on the arguments of counsel as set forth on the record, IT IS HEREBY ORDERED that the plaintiffs' motion for voluntary dismissal of their claims without prejudice is GRANTED, with each party to pay their own costs and attorneys' fees.

IT IS FURTHER ORDERED that the stipulation of dismissal without prejudice **[ECF No. 70] is DENIED** as moot.

The Clerk of Court is instructed to enter judgement accordingly and close this case.

DATED: August 22, 2023

                _____
                Cristina D. Silva
                United States District Judge